### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

RAYMOND EDWARD CROZIER                                          PETITIONER
ADC #170085

v.                          Case No. 5:19-CV-00276-JTK

DEXTER PAYNE, Director,
Arkansas Department of Correction                               RESPONDENT

### MEMORANDUM AND ORDER

Pending before the Court is the Amended Petition for Writ of Habeas Corpus (Doc. No. 6) filed by Raymond Edward Crozier, an inmate in the Arkansas Department of Correction (ADC), Ouachita River Unit. After reviewing the parties' briefing and the available evidence, the Court orders the petition denied and dismissed with prejudice.

### Background

Raymond Crozier pleaded guilty to rape of an eleven year old female child under Arkansas Code Annotated section 5-14-103(a)(3)(A)(Repl. 2013) in Washington County (Arkansas) Circuit Court on May 4, 2018. The state court sentenced him, in accordance with the negotiated plea, to 300 months' imprisonment followed by 180 months' suspended imposition of sentence. (Response, Doc. No. 13-1, Sentencing Order, pp. 14-18) Petitioner did not seek appellate review nor seek post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

On August 22, 2019, Petitioner filed in the Washington County Circuit Court a petition for writ of error coram nobis. (Response, Doc. No. 13-1, Petition for Writ of Error Coram Nobis, pp. 32-40). In that petition, Petitioner alleges his plea of guilty was invalid and his

counsel was ineffective because neither the sentencing court nor his counsel advised him rape required proof of force and both allowed him to plead guilty knowing he had always maintained the victim consented to sexual intercourse. On the same day, the Washington County Circuit Court entered an Order, denying the petition, and concluding that the plea was knowingly, intelligently, and voluntarily given. (Response, Doc. No. 13-1, Order, pp. 41-42) The court also noted "[t]hat due to the age of the child, "force" was not an element of the crime as defined by Arkansas Code Annotated § 5-14-103(a)(3)(A)." *Id.* at p. 41. Petitioner did not appeal the Order.

Petitioner filed the instant Section 2254 writ of habeas corpus petition on August 26, 2019. (Doc. No. 1, Petition) He subsequently filed an Amended Petition on October 10, 2019. (Doc. No. 6, Amended Petition) Petitioner advances the same arguments raised in the petition for writ of error coram nobis. Respondent answered the Amended Petition on December 2, 2019. (Doc. No. 13, Response) In it, Respondent admits Petitioner is in his custody and that there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent avers the petition should be dismissed because it is barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. Alternatively, Respondent claims Petitioner's claims should be denied and his petition dismissed because his claims are procedurally defaulted and otherwise entitled to due deference under state law, and therefore, not cognizable under federal habeas law.

## Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally

must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal.  Ark. R. App. P. – Crim. 2(a)(1).  For a criminal defendant who pleads guilty and does not seek review in the State's highest court, the judgment becomes final on the date that the time for seeking such review expires.  *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).

In this matter, the Sentencing Order was entered on May 4, 2018.  Therefore, Petitioner had until June 4, 2018—thirty days from the May 4, 2018, Sentencing Order filing date—to file an appeal to the state appellate court.[1]  From there, Petitioner was required to file his federal habeas petition by June 4, 2019.  Here, Petitioner did not file the current petition until August 26, 2019, after the filing date had passed.  Therefore, the federal petition for writ of habeas corpus is time barred unless statutory or equitable tolling applies.

There is no indication that any of the statutory exceptions to the one-year period of limitation would apply to Petitioner's claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim); 28 U.S.C. § 2244(d)(2) (explaining that the time during which a properly-filed application for state post-conviction or other collateral review related to the judgment or claim is pending

---

[1] June 3, 2018, fell on a Sunday; therefore, the next business day was June 4, 2018. *See* Ark. R. App. P. —-Crim. 17 (stating that when the last day for filing an appeal "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day.")

tolls the limitations period). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

The claims challenging the guilty plea are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1986)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

By pleading guilty, Petitioner waived his right to direct review under Arkansas law. *See*

4

Ark. R. Crim. P. 24.3. Yet, he could have challenged the validity of his guilty plea in a timely Rule 37 petition for post-conviction relief alongside his ineffective-assistance-of-counsel claim. *See Friend v. Norris*, 364 Ark. 315, 317, 219 S.W.3d 123 (Ark. 2005) (per curiam) (state habeas corpus challenge to validity of guilty plea should have been brought in a timely-filed Rule 37 petition). However, Petitioner did not, and the time for doing so has expired. Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

As noted above, Petitioner failed to present any of his claims in a Rule 37 petition, and although the Washington County Circuit Court addressed his claims on the merits in the petition for writ of error coram nobis, Petitioner failed to appeal that decision to the state appellate court. As noted by Respondent, any Rule 37 petition filed at this late hour would be untimely. *See* Ark. R. Crim. P. 37.2(c).

Even if it is assumed Petitioner could establish cause to excuse the default of his ineffective assistance claim, he could not prove the requisite prejudice. First, the Supreme Court's narrow exception to the procedural default bar regarding ineffective-assistance-of-counsel claims created by *Martinez v. Ryan*, 566 U.S. 1 (2012) would not excuse the default because Petitioner never sought post-conviction relief pursuant to Rule 37. Further, Petitioner's

ineffective assistance arguments fail as a matter of state law because force is not an element of raping a child victim. Therefore, counsel could not have been ineffective for failing to make a frivolous objection. *See Lee v. Kelly*, Case No. 5:18-cv-45-KGB, BD, 2018 WL 8966966 (Oct. 15, 2018) (when petitioner failed to offer a meritorious basis for an objection to any evidence at issue, counsel's failure to object was not ineffective assistance). Nor could the court be deemed to have failed any duty to Petitioner. When taking Petitioner's plea, the record clearly demonstrates the court afforded Petitioner ample time to discuss his plea with counsel, and it even recessed at the plea hearing to give Petitioner additional time to discuss the plea deal with his counsel prior to the its willingness to accept a plea. (Doc. No. 13-1, Plea Hearing, pp. 20-31)

Finally, the court finds Petitioner's claims are without merit. However, a discussion is unnecessary given the procedural default and untimeliness of Petitioner's claims.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

The Amended Petition for Writ of Habeas Corpus (Doc. No. 6) is hereby denied and dismissed, with prejudice. The relief prayed for is denied. Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial

of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS SO ORDERED this 23rd day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE